UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHARLES R. HARDY                    CIVIL ACTION NO. 6:13-cv-00775

VERSUS                              MAGISTRATE JUDGE HANNA

WOOD GROUP PSN, INC. AND             BY CONSENT OF THE PARTIES
ABE'S BOAT RENTALS, INC.

## MEMORANDUM RULING

Currently pending is the motion for summary judgment, which was filed on behalf of defendant Abe's Boat Rentals, Inc. ("ABR"). (Rec. Doc. 26). The motion is opposed. Oral argument was held on April 22, 2014. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED.

### BACKGROUND

At all relevant times, the plaintiff, Charles R. Hardy, was employed by Fluid Crane as a rigger who was assigned by his employer to work in Energy XXI GOM, LLC's Main Pass field performing construction work. On May 4, 2012, Mr. Hardy and the Energy XXI company man, Doug Sadler, along with two other unidentified men, were being transferred from a platform to a vessel by means of the platform's crane and personnel basket. It is undisputed that the vessel, the M/V DUTCHMAN,

was owned and operated by ABR. The plaintiff testified that the basket suddenly dropped five to six feet before impacting the vessel's deck and that his side of the basket hit the deck first, taking the brunt of the impact.  Mr. Hardy attributes the hard landing to a combination of factors involving both ABR and Wood Group, the company that employed the crane operator. Although the parties' briefing presents an issue as to whether there actually was a hard landing of the personnel basket on the vessel's deck, the Court will assume, solely for purpose of resolving this motion, that a hard landing did occur.

Mr. Hardy testified that the crane operator was at fault in causing the accident because "either the boom slipped or he dropped us . . . or he knuckled it down or something", causing the personnel basket's allegedly precipitous descent.  He also testified that, at the same time that the personnel basket was dropped, the vessel rose upward on the crest of a wave.  The convergence of the downward movement of the basket and the upward movement of the vessel allegedly met "head on", causing Mr. Hardy's side of the basket to hit the deck first and resulting in Mr. Hardy's alleged injuries.

In his complaint, Mr. Hardy contends that the positioning of the vessel and the vessel's failure to hold position during the basket transfer caused the accident.   Mr. Hardy also alleges that ABR should have posted a deckhand for assistance with

basket transfers.  Mr. Hardy further alleges that ABR was negligent in failing to stop the transfer when it knew it could not be performed safely due to sea conditions.

In its motion for summary judgment, ABR provided evidence that the seas were ideal for a basket transfer at the time of the accident, that there was no vessel movement that might have caused the accident, that the vessel cannot control vertical movements, that the vessel's deck was clear and everything was properly positioned at the time of the accident, and that its deckhand performed his duties appropriately and played no role in causing the accident. The plaintiff's evidence is not to the contrary.

## LAW AND ANALYSIS

### I.   THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable substantive law in the case.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]  If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[5]  The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.[6]

---

[1]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[2]  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

[3]  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4]  *Washburn v. Harvey*, 504 F.3d at 508.

[5]  *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[6]  *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197(5th Cir. 2005).

## II.   **ABR DID NOT BREACH A DUTY WHICH CAUSED THE ACCIDENT**

A valid tort claim under the general maritime law requires proof of four elements, each of which must be proven by the plaintiff:  (1) that the defendant owed a duty to the plaintiff to use due care; (2) that the defendant breached that duty; (3) that the plaintiff suffered damages; and (4) that the breach of the duty proximately caused the plaintiff's injuries.[7]  A vessel owner owes its passengers, such as Mr. Hardy, a duty to exercise reasonable care.[8]  Therefore, to prevail in this action, Mr. Hardy must show that ABR failed to use reasonable care and that this failure proximately caused his injuries.

According to Mr. Hardy's version of events, the personnel basket transfer was proceeding normally until the basket suddenly dropped five to six feet and then impacted the deck of the boat.  He contends that, at the same time that the basket suddenly descended, the vessel rose upward on the crest of a wave.  It is undisputed, however, that a vessel is unable to control its vertical movement.  Therefore, any upward movement by the vessel is ordinary, expected, and not the result of vessel

---

[7]     See, e.g., *Ates v. B&D Contracting, Inc.*, 487 Fed. App'x 201, 204 (5th Cir. 2012); *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000); *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991); *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989).

[8]     *Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1216 (5th Cir. 1993); *Smith v. Southern Gulf Marine Co. No. 2, Inc.*, 791 F.2d 416, 419-20 (5th Cir. 1986); *Kermarec v. Compagnie General Transatlantique*, 358 U.S. 625, 632 (1959).

negligence.  Furthermore, it is the responsibility of the crane operator to mitigate the risk of vertical vessel movement, which the vessel itself is powerless to control.

Mr. Hardy had no idea whether the vessel made any unusual or unexpected movements during the transfer that could have caused or contributed to the hard landing.  Captain Tim Lambert testified that the vessel was laden with approximately 480,000 pounds of ballast on the date of the accident, which in his words make the vessel "stick like Velcro" to a spot in the water.  Cargo operations had been ongoing without incident and the given the wind and current, unexpected vessel movements were unlikely.  There is no other factual basis for the plaintiff's contention that the accident resulted from the vessel's failure to hold its position during the basket transfer.

Although Mr. Hardy alleges in his complaint that ABR should have posted a deckhand for assistance with basket transfers, he concedes that there was a deckhand on deck to receive cargo and passengers on the day of the accident and that ABR's deckhand neither caused the accident nor could have stopped it.

Mr. Hardy's allegation that ABR was negligent in failing to stop the transfer when it knew it could not be performed safely apparently rests on his memory that he thought the seas were at four to six feet on the day of the accident but he testified that it was "hard to tell."   Although, the vessel captain's log shows the seas to be one to

two feet that day, even assuming the seas to be at the four to six foot level, such a condition does not rule out the possibility of a safe personnel basket transfer.  The crane operator testified that until seas reach at least a height of eight feet, the vertical movement of the vessel is not a relevant factor during personnel transfers.  According to ABR's vessel captain Tim Lambert, the conditions were ideal for a basket transfer on the day of the accident.  There is no counter veiling evidence.

Thus, Mr. Hardy cannot show that ABR breached a duty owed to him or that any such breach caused the accident that resulted in his injuries.  There are no genuinely disputed issues of material fact, and ABR is entitled to judgment in its favor.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that ABR's motion for summary judgment (Rec. Doc. 26) is GRANTED, and the plaintiff's claims against ABR are dismissed with prejudice.

Signed at Lafayette, Louisiana, this 24th day of April 2014.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE