UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CHARLES R. HARDY | CIVIL ACTION NO. 6:13-cv-00775 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| WOOD GROUP PSN, INC. AND ABE'S BOAT RENTALS, INC. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion for summary judgment, which was filed on behalf of defendant Wood Group PSN, Inc. (Rec. Doc. 30). The motion is opposed. Oral argument was held on April 22, 2014. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### BACKGROUND

At all relevant times, the plaintiff, Charles R. Hardy, was employed by Fluid Crane as a rigger who was assigned by his employer to work in Energy XXI GOM, LLC's Main Pass field performing construction work. On May 4, 2012, Mr. Hardy and the Energy XXI company man, Doug Sadler, along with two other unidentified men, were being transferred from a platform to a vessel by means of the platform's crane and personnel basket. It is undisputed that the vessel, the M/V DUTCHMAN,

was owned and operated by Abe's Boat Rentals (ABR). Mr. Hardy testified that the basket suddenly dropped five to six feet before impacting the vessel's deck and that his side of the basket hit the deck first, taking the brunt of the impact. Mr. Hardy attributes the hard landing to a combination of factors involving both ABR and Wood Group, the company that employed the crane operator.

Mr. Hardy testified that the crane operator was at fault in causing the accident because "either the boom slipped or he dropped us . . . or he knuckled it down or something", causing the personnel basket's allegedly precipitous descent. He also testified that, at the same time that the personnel basket was dropped, the vessel rose upward on the crest of a wave. The convergence of the downward movement of the basket and the upward movement of the vessel allegedly met "head on", causing Mr. Hardy's side of the basket to hit the deck first and resulting in Mr. Hardy's alleged injuries.

ABR and Wood Group filed motions for summary judgment. This Court found that there was no basis for finding that ABR was negligent, and the plaintiff's claims against ABR were dismissed. Wood Group's motion for summary judgment remains to be resolved.

In its motion for summary judgment, Wood Group argues that there actually was no basket transfer incident or injury on the date of Mr. Hardy's alleged accident and

that there was no problem with its crane or its crane operator on the date of the alleged accident. The Court finds that genuinely disputed issues of material fact preclude summary judgment in Wood Group's favor. Accordingly, Wood Group's motion for summary judgment will be denied

## LAW AND ANALYSIS

### I. THE SUMMARY JUDGMENT STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable substantive law in the case.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact.[3] If the moving

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Minter v. Great American Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]  If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[5]  The motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim.[6]

## II.  THE APPLICABLE LAW

In his complaint, Mr. Hardy alleges that this Court has jurisdiction over this action under the general maritime law, presumably because the accident complained of allegedly occurred on the deck of the crewboat M/V DUTCHMAN.  Wood Group suggests, however, that Mr. Hardy's claim might actually be governed instead by the Outer Continental Shelf Lands Act, 43 U.S.C. ¶ 1331 *et seq.*, making Louisiana tort law applicable.  The Court finds that, for purposes of resolving this motion, it is not necessary to determine which law applies since the elements to be established under either legal regime are so similar.

---

[4]   *Washburn v. Harvey*, 504 F.3d at 508.

[5]   *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[6]   *Condrey v. Sun Trust Bank of Georgia*, 431 F.3d 191, 197(5th Cir. 2005).

A valid tort claim under the general maritime law requires proof of four elements, each of which must be proven by the plaintiff: (1) that the defendant owed a duty to the plaintiff to use due care; (2) that the defendant breached that duty; (3) that the plaintiff suffered damages; and (4) that the breach of the duty proximately caused the plaintiff's injuries.[7] Under the duty-risk analysis used by Louisiana courts to determine whether liability exists when negligence has been alleged, a plaintiff must prove five separate elements: (1) that the defendant had a duty to conform his or her conduct to a specific standard of care; (2) that the defendant breached that duty; (3) that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) that the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) that the plaintiff sustained actual damages.[8] Therefore, regardless of which body of law applies, whether an incident occurred as a result of the defendant's breach of a duty owed to the plaintiff is a threshold issue.

### III. GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT IN WOOD GROUP'S FAVOR

---

[7] See, e.g., *Ates v. B&D Contracting, Inc.*, 487 Fed. App'x 201, 204 (5th Cir. 2012); *Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000); *In re Cooper/T. Smith*, 929 F.2d 1073, 1077 (5th Cir. 1991); *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989).

[8] *Christy v. McCalla*, 2011-0366 (La. 12/6/11), 79 So. 3d 293, 299; *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001–2217, p. 6 (La. 04/03/02), 816 So.2d 270, 275–76.

According to Mr. Hardy's version of events, the personnel basket transfer was proceeding normally until the basket suddenly dropped five to six feet and then impacted the deck of the boat. He contends that, at the same time that the basket suddenly descended, the vessel rose upward on the crest of a wave. According to the platform's crane operator, it is his responsibility to mitigate the risk of vertical vessel movement during a basket transfer because the vessel itself is powerless to control that movement. Thus, if the incident occurred as Mr. Hardy contends, there is a possibility that it resulted from crane operator error or from malfunction of the crane, either of which is Wood Group's responsibility.

Wood Group suggests that there actually was no such incident. Doug Sadler, Energy XXI's company man, was in the basket with Mr. Hardy during the alleged rough landing. His deposition testimony was ambiguous. While Wood Group suggests that he testified that there was no rough landing, his testimony seems to suggest that he actually has no memory of the basket transfer and assumes, because he does not remember it, that the landing was not rough. This does not refute Mr. Hardy's testimony that the landing was rough but it does call into question Mr. Hardy's credibility. The other men on the personnel basket have not been identified. The vessel's captain testified in his deposition that he does not remember the day of the alleged accident at all. Similarly, the crane operator could not specifically recall

the subject basket transfer.  Thus, no deposition testimony was presented that refutes Mr. Hardy's allegation that there was a rough basket landing.

On the other hand, however, the initial accident report attributes Mr. Hardy's injury to a toolbox incident.  Mr. Hardy provided an explanation for this, testifying that he told platform medic Chris Brown that his injury resulted from the basket transfer but Mr. Sadler contradicted him and told the medic that the toolbox incident caused the injury.  Although Mr. Sadler denies this version of events and Wood Group submitted an affidavit from the medic stating that Mr. Hardy reported only the toolbox incident, this raises both a factual question and a credibility issue.

The record from Mr. Hardy's initial consultation with a physician, Dr. Silva, after he reached land references only the toolbox incident.  But Mr. Hardy testified that he does not recall telling Dr. Silva about the toolbox incident and suggests that this information was relayed to the doctor by his employer when the appointment was made.  On May 9, 2012 – just five days after the alleged incident – Mr. Hardy treated with Dr. John Tassin, and the records from that visit refer to both the toolbox incident and the alleged personnel basket incident.  Thus, the medical records do not resolve the factual dispute or the credibility issue.

Under certain circumstances, the plaintiff's testimony – without more – is insufficient to create a genuine issue of material fact.  But Mr. Hardy's testimony

cannot be discredited simply because it is "self-serving." "A party's own testimony is often 'self-serving,' but [a court] do[es] not exclude it as incompetent for that reason alone."[9] Instead, testimony based on personal knowledge and containing factual assertions suffices to create a fact issue, even if it is self-serving.[10] In fact, "characterizing a party's testimony as 'self serving' is not useful to the court. In a lawsuit, where each party is attempting to advance his own cause and protect his own interests, we are scarcely shocked when a party produces evidence or gives testimony that is 'self-serving.' "[11] Thus, the Court finds that Wood Group's objections on the basis that Mr. Hardy's statements are self-serving have no merit and fail to justify summary judgment in Wood Group's favor.

The Court further finds that the deposition testimony presented in support of Wood Group's motion and in support of Mr. Hardy's opposition to that motion, regardless of being self-serving, creates at least one genuine issue of material fact that precludes summary judgment. It is undisputed that Mr. Hardy sustained an injury on May 4, 2012. It is also undisputed that he was transferred by Billy Pugh basket from the platform to the vessel on that date. No one other than Mr. Hardy has concrete

---

[9] *C.R. Pittman Const. Co., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 453 Fed. App'x 439, 443 (5th Cir. 2011).

[10] *C.R. Pittman v. Nat'l Fire*, 453 Fed. App'x at 443.

[11] *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 306 (5th Cir. 1989).

memories of the basket transfer.  Just a few days after the basket transfer, Mr. Hardy told his doctor that the rough landing caused or contributed to his injuries.  But the initial accident report attributed the injuries to a prior incident that was not caused by Wood Group's negligence.  Thus, there is a genuine issue of material fact concerning whether the accident alleged by Mr. Hardy did or did not happen.

Furthermore, the inconsistent testimony calls Mr. Hardy's credibility into question.  But a court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment.[12]  Therefore, this Court cannot resolve the question of whether the accident did or did not happen in deciding this motion. Because an unresolvable question of material fact exists, Wood Group's motion must be denied.

For the foregoing reasons,

IT IS ORDERED that Wood Group's motion for summary judgment (Rec. Doc. 30) is DENIED.

Signed at Lafayette, Louisiana, this 25th day of April 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[12]   See, e.g., *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).